PER CURIAM.
This matter comes before us on a motion to dismiss the appeal because of our asserted lack of jurisdiction. The suit is one for breach of contract and/or redhibitory vices calling for a recision of the contract. The amount claimed in the petition is $21,438.90.
The judgment of the lower court was in favor of plaintiff in the amount of $2,000. Defendant appealed to this court, and plain *252 tiff moves to dismiss the appeal on the ground that the amount in dispute, $21,438.-90, is in excess of our monetary jurisdiction. Defendant-appellant in answer to the motion to dismiss asserts that:
“This suit was a suit on a contract for breach of contract and/or redhibitory vices calling for a recision of the contract, and that the appeal therefrom is in the exact amount of $2,000 and no more, although it is correct to allege, as appellee did in his motion, that the prayer set forth in the original petition filed below did call for damages in excess of $21,000.
“That where there is only one appeal lying from a judgment, said appeal being based upon a claim that the judgment rendered below was erroneous, said judgment being only in the amount of $2,000, the language of the constitutional article, ‘irrespective of the amount therein claimed,’ sets this appeal as one properly heard by the Court of Appeal for the Parish of Orleans.
“That should appellee file a cross-appeal, perhaps the questions then raised by the motion to dismiss might properly be before the Court, but as long as the only appeal lying from the judgment rendered below is the appeal by Gulf Engineering Company, Inc., this court is the proper court to which the appeal should be taken.”
Defendant-appellant overlooks the fact that when this matter was submitted to the lower court the sum in dispute was the amount originally claimed, $21,438.90, and our careful examination of the record discloses that this is still the amount in dispute. We find no stipulation in the record reducing the amount of the claim, and within the legal delays plaintiff-appellee may by answer to the appeal request that the judgment be increased to the amount originally prayed for.[1]
The amount originally prayed for is in excess of our maximum monetary jurisdiction,[2] and we are unable to say that the items of damages as prayed for are so obviously inflated as to destroy the Supreme Court’s appellate jurisdiction.
Exercising the discretion vested in us,[3] we will transfer the matter to the Supreme Court.
It is therefore ordered, adjudged, and decreed that this appeal be, and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer is to be made within sixty days after this judgment becomes final, and if not so made, the appeal is to be dismissed; defendant-appellant is to pay the costs of appeal in this court, and the remaining costs are to await final determination of this matter.
Appeal transferred to supreme court.

.“If the appellee neglect to answer to the appeal within the time allowed him the appellant may have the cause set down for argument, but the appellee shall be allowed to file his answer until the day of argument if he only prays for confirmation of the judgment with costs; but if he demand the reversal of any part, or damages against the appellant lie shall file his answer at least three days before that fixed for the argument otherwise it shall not be received provided, that in the courts of appeal for the several circuits of the State such answers to appeal shall be allowed filed before argument within the first three days of the actual sittings of any regular session of said courts of appeal.” Art. 890, La.Code of Practice.

. LSA-Const. of 1921, Art. 7, §§ 10, 29.

. LSA-R.S. of 1950, § 13:4441.